IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONTA PALM | ) | Case No. 5:26-cv-00341 |
| | ) | |
| Plaintiff | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE AMANDA KNAPP |
| | ) | |
| CITY OF AKRON | ) | |
| | ) | |
| Defendants, et al. | ) | |

**MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANTS CITY OF AKRON AND AKRON POLICE DEPARTMENT**

Now come Defendants City of Akron and Akron Police Department and move pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings on all claims in the Complaint filed by Plaintiff Donta Palm. As explained in the attached memorandum in support, incorporated herein by reference, Mr. Palm's complaint fails to state a claim against the City of Akron or the Akron Police Department but, even if he did, his claims are barred by the statute of limitations.

Accordingly, Defendants City of Akron and the Akron Police Department respectfully request that this Court issue a judgment in their favor on Mr. Palm's Complaint.

Respectfully submitted,

Brian T. Angeloni
Director of Law

/s/ Brian D. Bremer
Brian D. Bremer – No. 0087363
Kirsten L. Smith – No. 0099074
Assistant Directors of Law
172 S. Broadway St., Suite 200
Akron, OH 44308
(330) 375-2030; Fax: (330) 375-2041
bbremer@akronohio.gov
klsmith@akronohio.gov
*Attorneys for the Defendants City of Akron and Akron Police Department*

# MEMORANUM IN SUPPORT

## I. INTRODUCTION

Plaintiff Donta Palm's Complaint sets forth six causes of action: five related to alleged violations of his constitutional rights and one alleging violations of the Americans with Disabilities Act ("ADA"). Most of Mr. Palm's factual allegations relate to incidents that occurred over a decade prior to Mr. Palm initiating this action. *See* (Complaint at ¶ 20-80) (allegations about events in 2012-2013); (*Id.* at ¶ 93-107) (alleging, as Count I, that he was subjected to excessive force in a 2012 incident); (*Id.* at ¶ 108-128) (alleging, as Count II, he was subjected to false arrest and denied due process in 2012); (*Id.* at . ¶ 142-161) (alleging, as Count IV, he was deprived of due process during his child custody hearings, which occurred in 2012 according to ¶ 53 of the Complaint). Somewhat ironically, the specificity of the allegations becomes less the closer to present day they become. By the time Mr. Palm's allegations could arguably be construed as occurring within the statute of limitations, he has abandoned any attempt to plead facts and, instead, has switched to conclusory statements. Furthermore, the allegations in Mr. Palm's complaint are focused entirely on the actions of individual employees of the City of Akron ("Akron") and the Akron Police Department ("APD") rather than Akron or APD, and, therefore, has failed to state a claim against them on any of his claims.

Accordingly, Mr. Palm cannot establish entitlement to relief based on his Complaint and, therefore, Akron and APD are entitled to judgment on the pleadings.

## II. Fed. R. Civ. P. 12(c) Standard

A party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party's pleadings must be taken as true, and the motion will be granted only if the moving party is nevertheless entitled to judgment. *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007), quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). However, the court is not required to accept as true allegations of the pleadings that are legal conclusions or unwarranted factual inferences. *Winget* at 581-82. Judgment on the pleadings is appropriate when no material issue of fact exists and the moving party is entitled to judgment as a matter of law. *Id.* at 582. In order to survive a motion for judgment on the pleadings, a plaintiff must plead factual content that allows the court to draw reasonable inference that the defendants are liable for the alleged misconduct. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." *Id.*

## III. Akron Police Department Office Is Not Sui Juris.

As an initial matter, all of Mr. Palm's claims against APD are improper. "For an entity that is not an individual or a corporation, the '[c]apacity to sue or be sued[,]' and therefore be deemed sui juris, is generally governed 'by the law of the state where the court is located[.]' Fed. R. Civ. P. 17(b)(3)." *Warman v. Mount St. Joseph University*, 144 F.4th 880, 890 (6th Cir. 2025) (alterations in *Warman*). A party is not a sui juris entity if it does not possess full capacity and rights to sue or be sued. *Askew v. Summit Cty.*, 2024-Ohio-2151, ¶ 8 (Ohio Ct. App.), quoting *Urban Necessities 1 Stop Shop, LLC v. City of Cleveland*, 1:22-cv-2014, 2023 WL 6383825, *2 (N.D. Ohio Sept. 29, 2023). "Ohio courts have held that suing a non sui juris department of a political subdivision is a misidentification of the political subdivision." *Askew* at ¶ 10. Under Ohio law, a municipal police department is not sui juris and, therefore, is not an entity subject to suit. *Id.*; *Tysinger v. Police Dept. of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006); *Marshall v. Toledo Police Dept.*, 3:23-cv-2054, 2024 WL 3819624, *2 (N.D. Ohio Aug. 14, 2024); *McDade v. Cleveland*, 2012-Ohio-5515, ¶ 9, 11 (8th Dist.). *See also Lake Bd. of Cnty. Commissioners of Clark Cnty. Ohio*, 3:18-cv-143, 2020 WL 1164778, * 3 (S.D. Ohio Mar. 11, 2020) (dismissing ADA and Rehabilitation Act claims against a sheriff's department because the department was not *sui juris*).

Accordingly, APD, being a division of the City of Akron, is not *sui juris* and, therefore, the claims against it should be dismissed.

## IV. MR. PALM HAS FAILED TO STATE A CLAIM FOR CONSTITUTIONAL LIABILITY AGAINST AKRON.

Counts I-V of Mr. Palm's Complaint all purport to be claims for constitutional violations brought pursuant to 42 U.S.C. § 1983 and § 1985.[1] But all of the allegations in the Complaint, particularly those in Counts I-V, concern the alleged actions of individual employees of Akron (or even non-employees). But local governments are not vicariously liable for their employees' actions under § 1983. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Instead, they are only liable when a government policy or custom causes the deprivation of the federal right. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). And "[c]ourts have extended *Monell* to 42 U.S. § 1985." *Helfrich v. City of Pataskala*, 2:19-cv-4825, 2020 WL 1853229, * 4 (S.D. Ohio April 13, 2020) ("Courts have extended *Monell* to 42 U.S. § 1985.") (citing *Bouquet v. Clemmer*, 626 F.Supp. 46, 48 (S.D. Ohio 1985), *Moaz v. Denver Intl'l Airport*, 747 Fed Appx. 708, 711 (10th Cir. 2018), and *Zherka v. City of New York*, 459 Fed. Appx. 10, 12 (2d Cir. 2012)).

---

[1] It does not appear, based on the way Mr. Palm pled Count V, that he intended that Count to be directed against Akron. Nevertheless, it is being addressed here out of an abundance of caution.

*Monell* liability against a municipality attaches under a narrow set of circumstances. *Wright v. City of Euclid*, 962 F.3d 852, 879 (6th Cir. 2020). In order to subject a municipality to liability in a § 1983 action, "a plaintiff must show that 'through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Wright* at 879, (quoting *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013)). To meet this burden, Mr. Palm must identify a policy, connect the policy to the city itself, and show that his alleged injury was caused by the execution of that policy. *Jackson v. City of Cleveland*, 925 F.3d 793, 829 (6th Cir. 2019).

Mr. Palm, however, does not identify a specific written policy or legislative enactment that was the moving force behind his alleged injuries. *Hanner v. City of Dearborn Heights*, 450 Fed.Appx. 440, 447 (6th Cir. 2011) (Affirming dismissal of a § 1983 claim against a municipality where the plaintiff failed to identify a municipal policy or custom). He does not identify a specific policy maker that supposedly ratified the actions of the individual defendants in this case. *See, e.g., Brown v. Chapman*, 814 F.3d 447, 462 (6th Cir. 2016) (affirming summary judgment to the municipality on the ratification of *Monell* because plaintiff failed to name a specific decision maker as the individual who ratified the alleged misconduct). And he does not identify a written policy of not providing appropriate training to officers, nor does he identify a pattern of specific behavior that would establish that Akron failed to provide such training. Nor does he allege that there are other incidents, of

which Akron was aware, that could establish a pattern or practice rising to the level of demonstrating an unwritten policy or custom. In short, his Complaint does not meet the plausibility threshold required by *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), to state a claim for *Monell* liability against Akron for any of the constitutional violations alleged in Counts I-V.

Accordingly, Akron is entitled to judgment on the pleadings on those counts.

## V. Mr. Palm Has Failed to State a Claim Against Akron Under the ADA.

The final cause of action in Mr. Palm's Complaint is for alleged violations of the ADA. As with Counts I-V, however, the allegations in support of Count IV focus on the actions of the individual defendants rather than actions taken by Akron itself. And like municipal liability under § 1983 and § 1985, a municipality is not vicariously liable under Title II of the ADA for actions of its employees. *Jones v. City of Detroit, Michigan*, 20 F.4th 1117, 1121 (6th Cir. 2021) (concluding that the ADA and the Rehabilitation Act do not allow vicarious liability). Even accepting as true all of the allegations in the Complaint, there's no allegation that a city official with decision-making authority was aware that Mr. Palm was disabled or that he required an accommodation. Nor is there any allegation that Mr. Palm actually requested an accommodation from Akron.

Thus, the Complaint is devoid of factual allegations, which if believed, could establish that Akron was liable under Title II of the ADA. Accordingly, Akron is entitled to judgment on Count VI of Mr. Palm's Complaint.

## VI. COUNTS I, II, AND IV ARE BARRED BY THE STATUTE OF LIMITATIONS.

Notwithstanding Mr. Palm's failure to state a claim against Akron, Counts I, II, and IV are also clearly barred by the statute of limitations.[2] This is because, for claims brought pursuant to § 1983, the statute of limitations is two years and **all** of the alleged conduct by governmental employees occurred prior to February 11, 2024, being two years prior to Mr. Palm initiating this action.

The analysis is quite simple with regard to Counts I, II, and IV. In each count, Mr. Palm the alleged wrongful conduct is explicitly alleged to have occurred in 2012 or 2013. *See* (Complaint at ¶ 96) ("On February 12, 2012…."); (*Id*. at ¶ 110) ("Defendants subjected Plaintiff to unlawful restraint and seizure inside his own home on February 12, 2012…"); (*Id*. at ¶ 113) (alleging a separate, undescribed incident "later in 2012"); (*Id*. at ¶ 145) ("Multiple Defendant officers appeared in

---

[2] It is the Defendants' position that **all** of Plaintiffs' claims are barred by the statute of limitations. However, given the Fed. R. Civ. P. 12(c) standard and the vagueness of the pleading in Mr. Palm's Complaint, this motion is limited to Counts I, II, and IV.

Plaintiff's child custody proceedings and provided testimony…"); (*Id.* at ¶ 53) (alleging that the custody hearings occurred in 2013). Thus, Counts I, II, and IV are clearly barred by the statute of limitations.

## CONCLUSION

Defendants APD and Akron are entitled to judgment on the pleadings. APD is not *sui juris*, and Mr. Palm has failed to allege sufficient facts, which, if true, would entitle him to relief. Furthermore, it is clear from the face of the Complaint that Counts I, II, and IV are barred by the applicable statute of limitations.

Accordingly, Defendants respectfully request that this Court grant this Motion, dismiss APD, and grant Akron judgment on the pleadings.

Respectfully submitted,

Brian T. Angeloni
Director of Law

/s/ Brian D. Bremer
Brian D. Bremer – No. 0087363
Kirsten L. Smith – No. 0099074
Assistant Directors of Law
172 S. Broadway St., Suite 200
Akron, OH 44308
(330) 375-2030; Fax: (330) 375-2041
bbremer@akronohio.gov
klsmith@akronohio.gov
*Attorneys for the Defendants City of Akron and Akron Police Department*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on May 1, 2026. Notice of this filing will be sent to all parties by operation of the Clerk of Court's electronic filing system. Parties may access this filing through the Court's system. In addition, a copy was sent via regular mail to the following:

Donta Palm
762 Shoshone Ave.
Akron, OH 44305
*Plaintiff, pro se*

/s/ Brian D. Bremer
Brian D. Bremer – No. 0087363

## CERTIFICATION OF PAGE LIMITATION

Counsel for Defendants City of Akron and Akron Police Department, Brian D. Bremer and Kirsten L. Smith, hereby certify that the case herein has been assigned to the standard track, and that the page limitation of Defendants' Motion for Judgment on the Pleadings adheres to the twenty-page specification, as required by Loc. R. 7.1(f).

/s/ Brian D. Bremer
Brian D. Bremer (0087363)