UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONTA PALM | ) | CASE NO. 5:26-CV-00341 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF AKRON | ) | **ORDER AND DECISION** |
| | ) | (Resolving Doc. 13) |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before this Court is Defendants City of Akron and Akron Police Department's unopposed motion for judgment on the pleadings pursuant to Fed.Civ.R. 12(c). Doc. 13. For the reasons set forth below, the Court GRANTS Defendants' motion and DISMISSES the complaint in its entirety.

## I. STATEMENT OF FACTS

Plaintiff contends that, through a series of events beginning in 2012, that the City of Akron, the Akron Police Department, Summit County Sherriff's Office, and various named individuals in their individual and official capacities, have violated his civil rights in a variety of ways.

Specifically, on February 11, 2012, Plaintiff asserts that he called the Akron Police Department ("APD") during a domestic dispute. Doc. 1, p. 4. He contends that the APD did not arrest his assailant because her mother was an employee of the Summit County Sherriff's Office and failed to provide him medical assistance. Id. He contends that on February 12, 2012, his alleged assailant and her mother, Deputy Stephanie Bowens came to his home. Doc. 1, ¶29. He again called APD who instructed him to open the door because an Officer was outside. Doc. 1, ¶31. Plaintiff contends that upon opening the door, Officer Steven B. Sabol "immediately rushed"

him, "shouting commands and physically shoving him backward." Doc. 1, ¶32. Plaintiff contends that Officer Sabol continued to apply force and unlawfully detained him in the kitchen while his assailant, her mother and another individual went through his belongings. Doc. 1, ¶36. Plaintiff filed a formal complaint against the APD in March of 2012. Doc. 1, ¶48. Plaintiff contends that he attempted to file another complaint in 2013, but APD officers refused to accept it. Doc. 1, ¶50.

Plaintiff contends that in a 2013 custody proceeding, multiple APD Officers and a sheriff's deputy appeared as witnesses and "gave false and misleading testimony regarding Plaintiff's character and conduct." Doc. 1, ¶54-55. Plaintiff further asserts that during these proceedings, Deputy Stephanie Bowens produced his childhood school and disability records. Doc. 1, ¶76. Plaintiff alleges that the "combined actions of law enforcement, court officials, and Plaintiff's own retained counsel deprived Plaintiff of a fair hearing, meaningful access to the courts and the opportunity to protect his parental rights." Doc. 1, ¶73.

Plaintiff contends that he submitted numerous written complaints to law enforcement agencies and courts from 2012 through 2023. Doc. 1, ¶81. He contends no action was ever taken and he was denied meaningful access to the courts. Doc. 1, ¶86.

Based upon the above, Plaintiff brings five claims under 42 U.S.C. § 1983:1) Excessive Force in violation of the Fourth Amendment- APD, Officer Sabol, 2) False Arrest, failure to protect and denial of equal protection in violation of the Fourth and Fourteenth Amendments- APD, Summit County Sheriff's Office 3) First Amendment retaliation- APD, Summit County Sheriff's Office, 4) Due Process in violation of the Fourteenth Amendment, 5) Conspiracy- Individual Officers. Plaintiff asserts one claim of disability discrimination in violation of the Americans with Disabilities Act-All.

## II. STANDARD OF REVIEW

The standard for reviewing a judgment on the pleadings under Rule 12(c) is the same as the standard for reviewing a motion to dismiss under Rule 12(b)(6). The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid*

*v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted). Further, Plaintiff is pro se. Pro se pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

"In addition, it is well settled that this Court may 'grant dispositive motions because they are unopposed.' When a party fails to respond to a dispositive motion, it may be treated 'as a confession to' the motion's merits." *Globe Life & Accident Ins. Co. v. Jacobs*, No. 5:20-cv-02189, 2022 U.S. Dist. LEXIS 99012, at *8 (N.D. Ohio May 31, 2022).

## III. ANALYSIS

Plaintiff asserts five claims under 42 U.S.C. § 1983:1) Excessive Force in violation of the Fourth Amendment- APD, Officer Sabol, 2) False Arrest, failure to protect and denial of equal protection in violation of the Fourth and Fourteenth Amendments- APD, Summit County Sheriff's Office 3) First Amendment retaliation- APD, Summit County Sheriff's Office, 4) Due Process in violation of the Fourteenth Amendment, 5) Conspiracy- Individual Officers. Plaintiff asserts one claim of disability discrimination in violation of the Americans with Disabilities Act-All.

### A. Akron Police Department, Summit County Sheriff's Office

Plaintiff has named the APD and the Summit County Sheriff's Office as defendants in this case. Doc. 1. However, police departments and county sheriff's offices are not ***sui juris***, meaning they are not separate legal entities under Ohio law that can sue or be sued. See *Wagner v. City of Canton*, No. 5:19-cv-377, 2020 U.S. Dist. LEXIS 54537, 2020 WL 1514551, at *1 n.2 (N.D. Ohio Mar. 30, 2020) (finding that Canton Police Department is not ***sui juris***)); *Lawson v. City of Youngstown*, 912 F.Supp.2d 527, 531 (N.D. Ohio 2012) ('Courts have held that under Ohio law police departments and county sheriff's offices are not sui juris and may not be sued in their own

right') (citing *Jones v. Marcum*, 197 F.Supp.2d 991, 997 (S.D. Ohio 2002) (in a §1983 case, finding police department was not sui juris under Ohio law). Accordingly, the APD and the Summit County Sheriff's Office are DISMISSED.

**B. The City of Akron**

The City of Akron ("the City") contends that Plaintiff's claims against it pursuant to 42 USC §§1983, 1985 fail because the allegations in the complaint concern actions of individual employees (and non-employees). Doc. 13, p. 4. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See *Monell v. Department of Soc. Servs*., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611(1978). Instead, it can only be held liable when its own official policy or custom inflicts the constitutional injury. *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999); *Helfrich v. City of Pataskala*, 2:19-cv-4825, 2020 WL 1853229, *4 ("Court's have extended *Monell* to 42 U.S.C §1985). The City contends that Plaintiff fails to identify a specific written policy or legislative enactment that was the moving force behind his alleged injuries. Doc. 13, p. 5. The Court agrees.

Plaintiff contends that he was subject to an unreasonable seizure and excess force by law enforcement officers, subject to unlawful restraint and seizure inside his home without a warrant or probable cause, retaliated against for protected speech, denied the right to fair judicial proceedings when officers provided alleged false testimony at a hearing, and that various officers conspired against him to violate his civil rights. Doc. 1. Even construing Plaintiff's complaint liberally, there are no allegations that the City maintained a custom or policy as to any of these

issues or that it failed to train and/or supervise the officers, let alone any facts to support such claims. Accordingly, Plaintiff's §§1983, 1985 claims (Counts 1-5) against the City fail.

**C. Counts 1-5 are time barred**

Plaintiff's claims in counts 1-5 are predicated on events that occurred in 2012, 2013 and complaints about those events made thereafter, "through" 2023[1]. Doc. 1, p. 1-11. Claims brought pursuant to 42 U.S.C. § 1983 apply the statute of limitations of the applicable state's general personal injury statute, which in Ohio is two-years. O.R.C. § 2305.10; *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855-56 (6th Cir. 2003) (citing *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1998)); *Brown v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1984). The statute of limitations for a claim under §1985 is also two years. *Savage v. Unknown FBI Agents*, 142 F.3d 436, 1998 WL 39318 *1 (6th Cir. 1998) (unpublished) (citing *Harris v. Board of Educ.*, 798 F.Supp. 1331, 1345 (S.D. Ohio 1992)). Plaintiff's complaint was filed on February 11, 2026, well outside of the applicable statute of limitations. Therefore, Counts 1-5 also fail on this ground.

**D. Count 6, Americans with Disabilities Act Violations**

Plaintiff contends that "Defendants, including Deputy Stephanie Bowens, unlawfully obtained, disclosed, and used Plaintiff's confidential school and disability-related records without Plaintiff's consent, legal authorization, or a valid court order." Doc. 1, ¶184. Plaintiff contends that Defendants then used these records in 2013 custody proceedings. Doc. 1, ¶¶185, 63, 76-80. Plaintiff asserts that "the misuse of the records constituted discrimination 'by reason of disability'

[1] Plaintiff's contention that he has made complaints about the events in 2012 and 2013 "through" 2023, the "adverse actions" is not supported by the Complaint. Plaintiff sets forth a lengthy recitation of his dealings with various Defendants which appears to be dated in late 2021. The adverse actions he states he suffered from his complaints are referenced in this letter and therefore predate the 2021 letter. Doc. 1-1.

in violation of Title II of the ADA." Doc. 1, ¶186.

The City contends that Plaintiff fails to state a claim against it because the allegations supporting it "focus on the actions of the individual defendants rather than actions taken by Akron itself." Doc. 13. The custody proceedings at issue took place in the Summit County Juvenile Court. Doc. 1, ¶53. Further, Deputy Stephanie Bowens is Summit County Sheriff's employee. The City and the Summit County Sheriff's Office are separate entities. The City cannot be liable for any action taken by an employee of another entity. Accordingly, Plaintiff fails to state an ADA claim as to the City.

Finally, even if this claim could be construed to include the City, it is time barred. "[A] claim under the ADA is subject to a two-year statute of limitations period." *Haynes v. Swanson*, No. 5:07cv2352, 2008 U.S. Dist. LEXIS 86069, at *10 (N.D. Ohio Sep. 18, 2008) (citing *Deck v. City of Toledo*, 56 F. Supp.2d 886, 890-91 (N.D. Ohio 1999)). Accordingly, this claim is dismissed in its entirety.

### E. The Individual Defendants

Plaintiff has named various law enforcement officers in both their individual and official capacities. Doc. 1, ¶13. However, Plaintiff has failed to serve these individuals, and therefore they have not appeared in this action.

The Court has concluded that all of Plaintiff's claims are time barred as to the City. Plaintiff shall have 14 days from the date of this Order to show cause why his claims are not similarly time barred as to the individually named Defendants. Failure to so file will result in the dismissal of this case as to the individually named Defendants and the resulting termination of this action.

## IV. CONCLUSION

Defendants' motion for judgment on the pleadings is GRANTED. All of Plaintiff's claims

are dismissed as to Defendants City of Akron, Akron Police Department and the Summit County Sheriff's Office. The individually named Defendants have not been served. Accordingly, Plaintiff has 14 days from the date of this Order to show cause as to why these individuals should not be dismissed for the reasons set forth above. Failure to respond will result in dismissal of this action.

**IT IS SO ORDERED.**

**Date: August 28, 2026**

***/s/ John R. Adams***
**U.S. District Judge**